

**SO ORDERED.**

**SIGNED this 10 day of March, 2008.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                          No. 07-12276
                                                                Chapter 13
CARLISS FELICIA NORWOOD,

    Debtor;


CARLISS FELICIA NORWOOD,

    Plaintiff

v.                                                              Adversary Proceeding
                                                                No. 07-1109
SELECT PORTFOLIO SERVICING, INC.;
THE BANK OF NEW YORK TRUST COMPANY,
N.A.; JPMORGAN CHASE BANK;
PRIORITY TRUSTEE SERVICES OF
TN, L.L.C.; MORRIS, SCHNEIDER &
PRIOR, L.L.C.,

    Defendants.

Appearances:     Gary Massey, Jr., Massey & Associates, P.C., Chattanooga, Tennessee, for the Plaintiff
Lawrence W. Kelly, Morris, Schneider, Prior, Johnson & Freedman, LLC, Atlanta, Georgia, for the Defendants

Judge R. Thomas Stinnett, United States Bankruptcy Court

### MEMORANDUM AND ORDER

Pending before the court is the motion filed by the defendants to dismiss the adversary proceeding or alternatively to strike the plaintiff's jury demand. Defendants assert that the adversary proceeding should be dismissed for lack of jurisdiction since the underlying bankruptcy case was dismissed by order entered December 20, 2007. Also pending before the court is the motion by Gary Massey, Jr., attorney for Carliss Felicia Norwood (hereinafter "plaintiff") to withdraw from further representation of the plaintiff. The following constitutes the court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

The plaintiff filed a chapter 13 bankruptcy petition on June 12, 2007, and submitted a plan contemporaneously therewith. Various creditors and the trustee objected to confirmation. Select Portfolio Servicing, one of the defendants in this adversary proceeding, also filed a motion for relief from the automatic stay for the purpose of declaring certain residential real property to be excluded from property of the estate, a foreclosure sale having occurred on May 10, 2007, prior to the initiation of the bankruptcy case. The plaintiff responded to the creditor's motion for relief from stay and the matter was set for hearing. In the meantime, the objections to confirmation were overruled and an amended plan was confirmed on September 14, 2007. However, on November 15, 2007, the trustee filed a motion to dismiss the case for failure by the plaintiff to remit plan

payments, and a motion to dismiss for lack of feasibility on December 4, 2007. On December 10, 2007, the plaintiff initiated this adversary proceeding against the defendants seeking to have the pre-petition foreclosure sale declared void, title in the property restored to the plaintiff, an award of damages for breach of contract and violation of Tennessee law and the Fair Debt Collection Practices Act, and injunctive relief. By order entered December 20, 2007, the court granted the trustee's motion to dismiss for failure to remit plan payments. All other pending motions in the plaintiff's bankruptcy case were rendered moot by the dismissal. The defendants' motion to dismiss this adversary proceeding followed.

Although bankruptcy courts may retain jurisdiction of some adversary proceedings despite the dismissal of the underlying case, those situations typically involve retention for the purpose of vindicating the court's own authority and to enforce its own orders. See In re Burgner, 218 B.R. 413, 414 (Bankr. E. D. Tenn. 1998)(adversary proceeding seeking damages for violation of the automatic stay survived dismissal of underlying bankruptcy case); In re Skaggs, 183 B.R. 129, 131 (Bankr. E. D. Ky. 1998)(same). Likewise, the court may retain jurisdiction after dismissal to enforce any order necessary to protect against the abuse of the court's process. In re Skaggs, 183 B.R. at 131. (citing Gaudet v. Kirshenbaum Investment Co., Inc. (In re Gaudet), 132 B.R. 670 (D. R. I. 1991)(citing 11 U.S.C. § 105(a) in support of imposing and enforcing sanctions for bad-faith filing of petition). The decision whether to retain jurisdiction of an adversary proceeding upon the dismissal of the underlying case rests within the sound discretion of the bankruptcy court. In re Porges, 44 F.3d 159, 162 (2nd Cir. 1995)

In the adversary proceeding pending before the court today, the relief requested by the plaintiff is relief that can be granted in state court and there is no need for

the bankruptcy court to retain jurisdiction of an issue that is now no longer related to a pending bankruptcy case. Although the court might retain jurisdiction on principles of fairness, efficiency, judicial economy, and degree of difficulty of the related legal issues involved, the court is not required to do so. See *In re Morris*, 950 F. 2d 1531, 1535 (11th Cir. 1992); *United States v. Mosely, (In re Mosely)*, 161 B.R. 382, 384 (Bankr. E. D. Tex. 1993). Therefore, the defendants' motion will be granted.

The court having decided to dismiss the adversary proceeding on the defendants' motion, the remaining motion by the defendants to strike the plaintiff's jury demand is moot. Also, with respect to the motion by plaintiff's counsel to withdraw from further representation of the plaintiff, the court determines that this motion is moot as well, and that the hearing on the motion, currently set for March 27, 2008, at 9:30 a.m., should be cancelled. Accordingly,

It is ORDERED that the defendants' motion to dismiss the adversary case is granted; and

It is FURTHER ORDERED that the debtors' motion to strike the plaintiff's jury demand is denied as moot; and

It is FURTHER ORDERED that the motion by Gary Massey, Jr., to withdraw as counsel for the plaintiff is denied as moot, and the hearing of March 27, 2008, is hereby cancelled.

###